UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**TODD D. NELSON,**
1914 County Road BB
Deerfield, WI 53531

                Plaintiff,

                                        Case No.     20-cv-585

    vs.

**NORTH CENTRAL STATES**
**REGIONAL COUNCIL OF CARPENTERS'**
**PENSION FUND**
Registered Agent: Administrative Manager North Central States Regional Council
of Carpenters' Pension Fund
1704 Devney Drive
Altoona, WI 54720

                Defendant.

## COMPLAINT

The Plaintiff, Todd D. Nelson, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1.    Plaintiff is an adult resident of the State of Wisconsin and currently resides in Deerfield, Wisconsin.

2.    Defendant, North Central State Regional Council of Carpenters' Pension Fund (the "Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as

amended, and has been in effect since at least January 1, 2006 and continues to the present time.

3.     On information and belief, a Board of Trustees administers and sponsors the Plan.

## JURISDICTION & VENUE

4.     As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5.     Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6.     Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7.     Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8.     Plaintiff is a former Carpenter and joined the North Central States Regional Council of Carpenters, Local 314 union in 1984.

9.     During the course of Plaintiff's employment, Plaintiff became eligible for certain benefits, including Unreduced Early Retirement Benefits and Disability Benefits provided by the Plan.

10.     Plaintiff ceased working in July 2006 due to chronic neck pain, myofascial pain, lumbar radiculopathy, arthritis, and degenerative disc disease.

11.     The Plan's Board of Trustees was responsible for determining whether Plaintiff was eligible for Unreduced Early Retirement Benefits and Disability Benefits.

12.     Defendant was responsible for paying Plaintiff's Unreduced Early Retirement Benefits and Disability Benefits.

13.     Defendant approved Plaintiff's claim for Disability Benefits with a retroactive starting date of June 1, 2016, but denied his claim for Disability Benefits prior to that date.

14.     Plaintiff's Disability Benefits are worth $200.00 per month.

15.     Defendant denied Plaintiff's claim for Unreduced Early Retirement Benefits in its entirety.

16.     Plaintiff's Unreduced Early Pension benefits are worth $2,490.92 per month.

17.     Plaintiff has been awarded SSDI benefits.

18.     The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for Unreduced Early Retirement Benefits and Disability Benefits.

19.     Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claims.

20.    Plaintiff submitted complete medical documentation in support of Plaintiff's "total and permanent disability" as part of the appeal.

21.    Plaintiff submitted three medical examination reports from doctors certifying that due to chronic, severe neck pain, Plaintiff has been disabled since July 2006.

22.    Plaintiff submitted all information requested by the Defendant.

23.    Defendant failed to consider the issues raised in Plaintiff's appeal.

24.    Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

25.    Defendant did not perform a "full and fair review" of Plaintiff's claims.

26.    Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claims and an explanation of why that material was necessary.

27.    Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

28.    Defendant failed to engage in a meaningful dialogue with Plaintiff.

29.    Defendant failed to adequately explain its reasons for denying Plaintiff's benefits.

30.    Defendant conducted a selective review of Plaintiff's medical records.

31.    Defendant failed to adequately assess Plaintiff's employability, including whether he was capable of engaging in "any occupation or employment for renumeration or profit" as those terms are defined by the Plan.

32.     At all times material to this complaint, Plaintiff has remained "totally and permanently disabled" as defined by the Plan.

33.     At all times material to this case, the Plan has remained in full force and effect.

34.     Defendant's denial of Plaintiff's claims for Unreduced Early Retirement Benefits and Disability Benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

35.     The preceding paragraphs are reincorporated by reference as though set forth here in full.

36.     Plaintiff has been and remains totally and permanently disabled, as those terms are defined by the Plan.

37.     Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is arbitrary and capricious as the Plan has granted the administrator discretionary authority to determine eligibility for benefits and to construe the Plan terms.

38.     Defendant arbitrarily and capriciously denied Plaintiff benefits.

39.     Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

40.     Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

5

41.    As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

42.    Defendant's    denial    of    Plaintiff's    benefits    was    "downright unreasonable."

43.    For these and other reasons, Defendant wrongfully denied Plaintiff's claims for Unreduced Early Retirement Benefits and Disability Benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Todd D. Nelson, demands judgment from the Defendant for the following:

A.    Payment of all retroactive Unreduced Early Retirement Benefits and Disability Benefits owed to Plaintiff under the terms and conditions of the Plan;

B.    A declaration of Plaintiff's continued eligibility for all Unreduced Early Retirement Benefits and Disability Benefits under the Plan;

C.    Prejudgment interest;

D.    Reasonable attorney's fees and costs related to the action; and

E.    Such other and further relief that the Court deems just and equitable.


Dated: June 25, 2020

                **HAWKS QUINDEL, S.C.**


        By:    */s/ Danielle M. Schroder*
                Danielle M. Schroder
                Email: dschroder@hq-law.com
                Jessa L. Victor
                Email: jvictor@hq-law.com

409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Todd D. Nelson