IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TODD D. NELSON,

                Plaintiff,          OPINION AND ORDER

v.

                                      20-cv-585-wmc

NORTH CENTRAL STATES
REGIONAL COUNCIL OF
CARPENTERS PENSION
FUND,

                Defendant.

On September 16, 2021, the court entered an order in this ERISA dispute between plaintiff Todd Nelson and defendant North Central States Regional Council of Carpenters Pension Fund, finding that Nelson was entitled to unreduced early retirement benefits. North Central has since moved for reconsideration, presumably under Federal Rule of Civil Procedure 59(e).[1] For the reasons given below, North Central's motion for reconsideration will denied and judgment entered against it.

OPINION

Parties may move for reconsideration only when they can "establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*citing LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1996). A manifest error

---

[1] The court had offered defendant an opportunity to submit additional evidence for its counterclaim, which it failed to do. For that reason, the court's *sua sponte* dismissal of the counterclaim will stand. (Dkt. #33.) Additionally, although defendant never specifies on which rule of civil procedure it is relying in bringing this motion, defendant's reliance on cases interpreting Rule 59 (and the fact that no other rule would appear to apply) leads the court to assess this motion under that standard.

exists where there is "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id*. (*quoting Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." C. Wright & A. Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.). North Central requests reconsideration on several points, which the court assesses individually.

I. Remand

North Central first argues that the court should have remanded this case to the plan trustees so that they could interpret the plan language, which would "allow" the court to review that decision under an "arbitrary and capricious" standard. (Def.'s Mot. (dkt. #34) 5-6.) However, the court already addressed the appropriate standard of review at summary judgment, finding that de novo review of North Central's decision was warranted because defendant never made a timely decision on plaintiff's right to unreduced early retirement benefits. (Opinion (dkt. #33) 15) (*citing Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1001 (7th Cir. 2019). While defendant now cites *Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 60, 6071 (7th Cir. 2008), in support of the notion that remand to the administrator is appropriate when there is no decision to review, defendant ignores the difference between the plan (1) failing to make a preliminary decision regarding eligibility and (2) making an eligibility determination but failing to take it up on appeal.

At summary judgment, this court found that "the eligibility committee specifically concluded that Nelson was not eligible for unreduced early retirement benefits, but the executive committee failed on review to issue any decision as to Nelson's retirement

2

benefits claim." (Opinion (dkt. #33) 16.)  This is a materially different circumstance than when the plan never made a determination in the first place.  Indeed, the *Pakovich* court looked to the Eight Circuit in addressing this distinction, quoting with approval language addressing this point: "When a plan administrator denies a participant's initial application for benefits and the review panel fails to act on the participant's properly filed appeal, the administrator's decision is subject to judicial review, and the standard of review will be de novo." *Pakovich*, 535 F.3d 601 at 606–07 (quoting *Seman v. FMC Corp. Ret. Plan for Hourly Emps.*, 334 F.3d 728, 733 (8th Cir. 2003)).  This same language captures the exact situation at hand: the plan denied Nelson's initial claim to early retirement benefits and the review panel failed to act on his claim upon appeal.  In contrast, the claim actually at issue in *Pakovich* never even had an initial eligibility determination.  535 F.3d 601 at 607.  As such, the *Pakovich* decision's application of deferential review is wholly inapposite here, while de novo review is appropriate in Nelson's case.

      Moreover, acknowledging "under controlling precedent a remand is appropriate *unless the case is so clear cut* that it would not be appropriate for the Administrator (or the Board of Trustees in this case) to deny the claim on any ground" (Def.'s Mot. (dkt. #34) 8) (emphasis added), defendant ignores that the court specifically addressed why this case *was* "clear cut" at summary judgment.  (Opinion (dkt. #33) 23.)  Indeed, on the facts of this case, "the record contains more than sufficient information to confirm that Nelson meets all of the Plan's substantive requirements for unreduced early retirement benefits." (*Id*.)  Thus, "[b]ased on the defendant's own findings, dubious arguments for upholding the denial and the undisputed facts of record," the court expressly found "this to be one

such 'clear cut' case," where a direct award of benefits is warranted.[2] (Id.) The court has, thus, already addressed this argument. "Rule 59 is not a vehicle for rearguing previously rejected motions." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

## II. Fillable Form

Defendant next argues that it would be reasonable for the Trustees to find that an application for benefits required a "document with blank spaces for insertion of information." (Def.'s Mot. (dkt. #34) 8.) This, too, is simply a rehashing of a previously rejected argument, and thus, improper for a Rule 59 motion. The court expressly found that restricting applications to documents with spaces for insertion was "an overly technical, narrow definition that would seem unworthy of a fiduciary, especially having failed to identify an actual printed form, much less proper notice to Nelson and other claimants of its required use. (Opinion (dkt. #33) 21.) Additionally, "if Nelson did in fact need to complete some additional, fill-in-the-blank form, North Central was obligated under ERISA to inform him of this," which they did not. (Id.) As before, "the court will not now uphold defendant's denial of benefits on the grounds that Nelson failed to satisfy a form requirement that was neither made available by the Plan nor communicated to Nelson." (Id. at 22.) And, once again, the court cannot help but raise its concern that this ongoing dispute is now being driven by counsel's creativite "gotchas," rather than by the good faith of a fiduciary trust.

---

[2] Given that the court does not find remand to be appropriate, it is unnecessary to discuss defendant's further assertion the Trustees' interpretation of the plan upon remand would be enforceable. (Def.'s Mot. (dkt. #34) 12.)

### III. Time Limitation

As a final argument, defendant underscores the court's concern by suggesting for the first time that Nelson's unreduced early retirement benefits should be limited to the time period beginning in October 2019, rather than August 2017. (Def.'s Mot. (dkt. #34) 16.) Indeed, in all its past filings, North Central simply maintained that Nelson did not qualify for this retirement benefit, with *no* reference to whether a start date of 2017 or 2019 would be appropriate.

Given that defendant has never raised this argument before, it is waived. "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." C. Wright & A. Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.).

Accordingly,

### ORDER

IT IS ORDERED that defendant's motion for reconsideration (dkt. #34) is DENIED and the clerk of court is directed to enter final judgment against it.

Entered this 13th day of October, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge